IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ANDREW GORDON, TAVIS MCNEIL, DONALD WRIGHTON, NICHOLAS COLE, JACOB GRISSON and DAWN DEWEY, On Behalf of Themselves and Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TBC RETAIL GROUP, INC, d/b/a TIRE KINGDOM<br><br>Defendants. | Case No.: 2:14-cv-03365-DCN<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiffs Andrew Gordon, Tavis McNeil, Donald Wrighton, Jacob Grisson and Dawn Dewey, individually and on behalf of all other similarly situated individuals, by way of their Complaint against the Defendant TBC Retail Group, Inc., which conducts business under the name Tire Kingdom ("Tire Kingdom"), allege the following:

**NATURE OF CLAIMS**

1.     This is an action for violations of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act. 29 U.S.C. §201, *et seq*.  Plaintiffs are former employees of the Defendant Tire Kingdom and worked as mechanics at Defendant's stores located in South Carolina.

2.     Plaintiffs bring this lawsuit against Defendant as a collective action pursuant to the collective action provisions of 29 U.S.C. §216(b) on behalf of themselves and all other similarly situated employees including but not limited to each and every mechanic who suffered damages as a result of Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331.

4.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (d). Defendant Tire Kingdom is a Florida corporation and conducts business in the State of South Carolina within the Charleston Division. At all times relevant herein, Defendant has conducted substantial, continuous, and systematic commercial activities in this state and the unlawful labor practices giving rise to Plaintiffs' claims were committed in the Charleston Division of this District.

## PARTIES

5.  Plaintiff Andrew Gordon is over the age of nineteen (19) and is a resident of Charleston County, South Carolina. Mr. Gordon worked as a mechanic for Defendant from approximately May 2012 until July 2013. Mr. Gordon worked at the Tire Kingdom located at 1905 Savannah Highway, Charleston, South Carolina.

6.  Plaintiff Tavis McNeil is over the age of nineteen (19) and is a resident of Berkeley County, South Carolina. Mr. McNeil worked as a mechanic for Defendant from approximately September 2011 until March 2013. Mr. McNeil worked at the Tire Kingdoms located at 103 Angus Drive, Summerville, SC and 1905 Savannah Highway, Charleston, South Carolina.

7.  Plaintiff Donald Wrighton is over the age of nineteen (19) and is a resident of Dorchester County, South Carolina. Mr. Wrighton worked as a mechanic for Defendant from approximately February 2012 until January 2014. Mr. Wrighton worked at the Tire Kingdom located at 103 Angus Drive, Summerville, South Carolina.

8. Plaintiff Nicolas Cole is over the age of nineteen (19) and is a resident of Richland County, South Carolina. Mr. Cole worked as a mechanic for Defendant from approximately May 2013 until April 2014. Mr. Cole worked at the Tire Kingdom located at 7201-900 Two Notch Road, Columbia, South Carolina.

9. Plaintiff Jacob Grissom is over the age of nineteen (19) and is a resident of Charleston County, South Carolina. Mr. Grisson worked as a mechanic for Defendant from approximately May 2013 until August 2013. Mr. Grissom worked at the Tire Kingdom located at 1905 Savannah Highway, Charleston, South Carolina.

10. Plaintiff Dawn Dewey is over the age of nineteen (19) and is a resident of Charleston County, South Carolina. Ms. Dewey worked as a mechanic for Defendant from approximately November 2012 until June 2013. Ms. Dewey worked at the Tire Kingdom located at 1905 Savannah Highway, Charleston, South Carolina.

11. Defendant TBC Retail Group, Inc. is a for-profit corporation, organized and existing under the laws of the state of Florida. Defendant owns and operates tire and automotive service centers under the trade names "Tire Kingdom," "Merchant's Tire & Auto Centers", and "National Tire & Battery" throughout South Carolina and the United States.

## FACTS

12. At all times relevant herein, the Defendant owned and operated automotive service centers under various business names, including "Tire Kingdom."

13. Plaintiffs and similarly situated employees worked for the Defendant as mechanics.

14. At all times relevant herein, Plaintiffs' primary job duties as mechanics were to inspect, diagnose, repair and service automobiles.

15.     During their employment with Defendants, Plaintiffs and similarly situated employees regularly worked more then forty (40) hours in a workweek, and Defendant failed to pay them one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek during one or more work weeks.

16.     Defendant paid Plaintiffs and similarly situated employees under a compensation plan that included a variable hourly rate and commissions depending on the work they performed during the workweek.

17.     The Defendant charged a fixed rate to its customers for the work the mechanics performed, and this included a fixed amount for the time spent by Plaintiffs and similarly situated employees performing the work ("Estimated Hours") regardless of the actual time they spent performing the work ("Actual Hours"). Thus, Defendant charged its customers the same amount of labor and time based on the type of repair performed regardless of the amount of time it actually required.

18.     The Defendant based its compensation plan for Plaintiffs and similarly situated employees on its customer billing system so that it caused the regular rate of pay for the Plaintiffs and similarly situated employees to fluctuate based on whether Plaintiffs and similarly situated employees completed their work for the workweek within the Estimated Hours assigned by the Defendant for that work.

19.     If Plaintiffs and other similarly situated employees' Actual Hours worked were greater than the Estimated Hours designated by Defendant for the repairs they performed during a workweek, then Defendant compensated them at an hourly rate of approximately $11.02 for time worked during the workweek.

20. If Plaintiffs and other similarly situated employees' Actual Hours worked were less than the Estimated Hours designated by Defendant for the repairs they performed during a workweek, then Defendant would increase their regular rate of pay for the workweek to a "Flat Rate," which was typically $18.00 per hour or greater.

21. Plaintiffs and similarly situated employees regularly worked in excess of forty (40) hours in a workweek.

22. Although Defendant's compensation plan provided for a greater regular rate of pay for Plaintiffs and similarly situated employees who completed their assigned work within the Estimated Hours designated by the Defendant for that work, it did not provide for overtime compensation at the rate of one-and-one-half times their regular rate of pay when Plaintiffs and similarly situated employees worked more than forty (40) hours in a workweek.

23. Defendant maintained a policy and practice of paying Plaintiffs and similarly situated employees their regular rate of pay for all hours worked, and failed to compensate Plaintiffs and similarly situated employees at their overtime rate of pay for time worked in excess of forty (40) hours in a workweek.

**FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

24. Plaintiffs, on behalf of themselves and all similarly situated employees, reallege and incorporate by reference all preceding paragraphs as if specifically set forth herein.

25. At all times relevant herein, Defendant has been regularly engaged in interstate commerce.

26. At all times relevant herein, Defendant has been an "enterprise" within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

27. At all times relevant herein, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, of Plaintiffs and similarly situated employees.

28. At all times relevant herein, the annual gross sales volume of the Defendant's business was in excess of $500,000.00 per annum at all times material hereto.

29. At all times relevant herein, Plaintiffs and similarly situated employees worked in interstate commerce so as to fall within the protections of the FLSA.

30. Plaintiffs and similarly situated employees worked for more than forty (40) hours during a workweek during their employment with Defendant.

31. Defendant failed to pay Plaintiffs and similarly situated employees at a rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA, 29 U.S.C. §207.

32. Defendants also failed to pay Plaintiffs and the members of the Plaintiffs' class for all compensable time for which Plaintiffs provided work for the benefit of Defendants.

33. Plaintiffs and the members of the Plaintiffs' class are entitled to their unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, liquidated damages in an equal amount, and their reasonable attorneys' fees, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

34. Defendant's violations of the FLSA were willful, and Defendant knew or showed reckless disregard as to whether Plaintiffs and similarly situated employees were entitled to overtime compensation at their overtime rate of pay.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Andrew Gordon, Tavis McNeil, Donald Wrighton, Nicholas Cole, Jake Grisson and Dawn Dewey individually and on behalf of all others similarly situated individuals who join this pray that this Court:

a. Certify this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. §216 (b);

b. Enter judgment against Defendant for all unpaid overtime compensation owed to Plaintiffs and similarly situated employees;

c. Enter judgment against Defendant for liquidated damages in an equal amount;

d. Award Plaintiffs and similarly situated employees their attorneys' fees and costs; and

e. All such further relief as the Court deems just and equitable.

**JURY DEMANDED**

Plaintiffs Andrew Gordon, Tavis McNeil, Donald Wrighton, Nicholas Cole, Jake Grisson and Dawn Dewey on their behalf and on behalf of all other similarly-situated employees hereby demand a trial by jury.

Respectfully submitted,

/s/ Marybeth Mullaney
Marybeth Mullaney, Esq. (Fed. ID No. 11162)
MULLANEY LAW
321 Wingo Way Suite 201
Mount Pleasant, South Carolina 29464
(843) 849-1692 *Phone*
(800) 385-8160 *Fax*
marybeth@mullaneylaw.net

William C. Tucker (Fed ID No. 6187)
TUCKER LAW, PLC

        690 Berkmar Circle
        Charlottesville, Virginia 22902
        (434) 978.0100 *Phone*
        (434) 978-0101 *Fax*
        bill.tucker@tuckerlawplc.com

        **Attorneys for Plaintiffs**

August 20, 2014