UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Andrew Gordon, Tavis McNeil, Donald Wrighton, Nicholas Cole, Jacob Grisson, and Dawn Dewey, On Behalf of Themselves and Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> TBC Retail Group, Inc., d/b/a Tire Kingdom, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 2:14-CV-3365-DCN |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR CONDITIONAL CLASS CERTIFICATION**

## I.     INTRODUCTION

Plaintiffs Andrew Gordon, Tavis McNeil, Donald Wrighton, Nicholas Cole, Jacob Grisson, and Dawn Dewey filed this action against Defendant TBC Retail Group, Inc., which conducts business under the trade name Tire Kingdom as well as other trade names, pursuant to the Fair Labor Standards Act ("FLSA") on behalf of themselves and other current and former similarly situated employees of Defendant, seeking payment of unpaid overtime compensation.  Plaintiffs move this Court for authorization to proceed as a collective action for unpaid overtime compensation under 29 U.S.C. § 216(b) on behalf of all current and former employees of Defendant who performed similar job duties and were paid under a similar compensation plan.  Plaintiffs also request that the Court order Defendant to provide the names and contact information of all current and former similarly situated employees who performed work during the three years immediately

preceding the filing of this lawsuit, and order that Plaintiffs be permitted to mail the attached Notice to these current and former employees so that they can assert their claims on a timely basis as part of this action.

## II. PLAINTIFFS' CLAIMS

The Plaintiffs' claims for unpaid overtime compensation are based on the Defendant's compensation plan, under which the Defendant did not compensate the Plaintiffs and similarly situated employees based on their actual hours worked. Instead, the Defendant paid the Plaintiffs and other mechanics based on "turned hours," which are the hours the Defendant estimated it should take for mechanics to complete a given task. During many workweeks, the Plaintiffs and other mechanics actually worked more than forty hours without receiving overtime compensation as required under the FLSA because the Defendant underestimated the amount of time it would take for the work to be completed. This plan was common to all employees who worked as mechanics.

## III.     THE COLLECTIVE ACTION FRAMEWORK

The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation "for and in behalf of himself or themselves and other employees who are similarly situated." *29 U.S.C. § 216(b); Hoffman-Laroche v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Shaffer v. Farm Fresh*, 966 F.2d 142, 147 (4th Cir. 1992); *Bernard v. Household Int'l Inc.*, 231 F. Supp. 2d. 433, 435 (E.D.Va. 2002). Unlike a Rule 23 class action, where class members are deemed parties to the action unless they affirmatively "opt out" of the class, those employees who wish to participate in a collective action under the FLSA must affirmatively "opt in" by giving written consent to join in the action as a party. *Id*.

2

Federal courts apply a two-step analysis in determining whether plaintiffs are "similarly situated" so as to conduct the case as a collective action. *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D.Va. 2006). First, during the "notice stage," courts determine "whether to provide initial notice of the action to potential class members." *Id*. The standard for determining whether the potential plaintiffs are "similarly situated" at this stage is a "fairly lenient one." *Id*. During this initial "notice stage," the trial court has the authority to authorize the contents of a notice that plaintiffs' counsel may send to potential plaintiffs and to facilitate the sending of this notice by ordering discovery of the names and addresses of potential plaintiffs. *Hoffman-Laroche,* 493 U.S. at 169-70.

Providing notice to potential plaintiffs in a collective action is essential to serving the broad remedial purpose of the FLSA. In recognizing the power of a trial court to give notice to other potential class members of their right to "opt in" to the case, the Supreme Court declared that a trial court has the "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-Laroche*, 493 U.S. at 170-71. "Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a trial court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Id*. at 171. Early court-authorized notice also protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id*. at 170-

172. Furthermore, "a trial court can better manage a [collective] action if it ascertains the contours of the action at the outset." *Id*. at 171-72.

Once the court makes the preliminary determination that the potential plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery. *Johnson v. TGF Precision Haircutters, Inc.,* 319 F.Supp. 2d. 753, 755 (S.D.Tx. 2004). Discovery is relevant thereafter both as to the merits of the case and for the second step in the collective action procedure where the court evaluates conflicting evidence developed in discovery to test the validity of the preliminary "similarly situated" determination made at the notice stage. *Id*. Accordingly, allowing early notice and full participation by the "opt ins" "assure[s] that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling v. Hoffman-Laroche, Inc.*, 118 F.R.D. 392, 406 (D.N.J. 1988). Once the notice and opt in period is complete, the court will have the benefit of knowing the actual makeup of the collective action.

### IV.     FACTUAL BACKGROUND

**A.     All Members of the Proposed Class Share Similar Job Duties.**

All current and former mechanics share similar job duties and responsibilities with the named Plaintiffs. The Plaintiffs worked as mechanics at Defendant's "Tire Kingdom" shops. Complaint (ECF 1) ¶¶5-10; Answer (ECF 6) ¶¶5-10; Exh. 2-5 (Cole Decl. ¶1; Gordon Decl. ¶1; McNeil Decl. ¶1; Dewey Decl. ¶1). Plaintiffs' job duties included typical auto repair work, including inspecting, diagnosing, repairing, and servicing automobiles. Complaint (ECF 1) ¶14; Answer (ECF 6), ¶14; Exh. 2-5 (Cole Decl. ¶3; Gordon Decl. ¶3; McNeil Decl.¶3; Dewey Decl. ¶3). Defendant employed other mechanics who performed these same duties at each of its locations. Complaint

4

(ECF 1), ¶15; Answer (ECF 6), ¶15; Exh. 2-5 (Cole Decl. ¶12; Gordon Decl. ¶10; McNeil Decl.¶13; Dewey Decl. ¶10).

**B.      All Members of the Proposed Class are Paid Under the Same Policy.**

Defendant pays its mechanics an hourly rate based on their "turned hours" instead of their actual hours worked.[1] Complaint (ECF 1), ¶15; Answer (ECF 6), ¶15; Exh. 2-5 Cole Decl. ¶5; Gordon Decl. ¶4; McNeil Decl.¶5; Dewey Decl. ¶5. The Defendant's "turned hour" is an estimate of the amount of time it should require an employee to complete the work required to repair a customer's vehicle. Complaint (ECF 1), ¶16; Answer (ECF 6), ¶16; Exh. 2-5 (Cole Decl. ¶5; Gordon Decl. ¶6; McNeil Decl. ¶6; Dewey Decl. ¶6). Thus, the Plaintiffs and other mechanics were all compensated at an hourly rate using the Defendant's "turned hours" as the basis for their wages. Complaint (ECF 1), ¶16; Answer (ECF 6), ¶16; Exh. 2-5 (Cole Decl. ¶¶5, 8-9; Gordon Decl. ¶5; McNeil Decl.¶ 5; Dewey Decl. ¶5). As a result, the Plaintiffs and other mechanics worked more than forty hours in some workweeks without receiving overtime compensation. Complaint (ECF 1), ¶15; Answer (ECF 6), ¶15; Exh. 2-5 (Cole Decl. ¶12; Gordon Decl. ¶9; McNeil Decl.¶12; Dewey Decl. ¶9)

---

[1] The terms "turned hours," "wrench hours," "wrench time," and "estimated hours" all refer to the time that the Defendant estimated a particular task should take to perform. In the Complaint the Plaintiffs refer to "estimated hours," and in their declarations they refer to "wrench hours." The Plaintiffs define those terms within the same documents so as to be synonymous with the term "turned hours," which is the term used and defined by Defendant in its Answer.

## V. ARGUMENT

### A. All Mechanics At Defendant's Shops Are Similarly Situated to Plaintiffs.

The standard for collective action notice "is a lenient one." *Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp. 2d. 753, 754 (S.D.Tx. 2004). Plaintiffs need only show that they are suing their employer for themselves and on behalf of other employees "similarly situated" to warrant FLSA collective action treatment. *Bernard v. Household Int'l Inc.,* 231 F.Supp. 2d. 433, 435 (E.D.Va. 2002). For unpaid overtime compensation cases, the "similarly situated" standard is met where the class members share similar job requirements and pay provisions. *See, e.g.*, *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947 (M.D.Fl. 1994) *citing Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562 (11th Cir. 1991). The plaintiffs' claims and job positions need not be identical to the potential "opt ins," they need only be similar. *Id*. (internal citations omitted). The burden of showing that plaintiffs and potential "opt ins" are "similarly situated" is met at the notice stage through detailed allegations in a complaint and supporting affidavits. *Johnson*, 319 F.Supp. 2d. at 754.

The members of the proposed class are similarly situated with respect to their job duties and compensation. Defendants' mechanics are similarly situated in that their duties are nearly identical. These workers are also paid under the same compensation plan, under which they are compensated an hourly rate based on "turned hours" rather than actual hours worked. Such similarity among the class members more than satisfies the lenient "similarly situated" standard for collective action notice. *See Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp. 2d. 753, 754 (S.D.Tx. 2004).

### B. The Proposed Notice Is Fair and Adequate.

The potential "opt in" plaintiffs should be promptly notified that this case is pending so that they (1) may make an informed decision as to whether to join this action, and (2) understand that their claims may be barred or diminished under the statute of limitations. Because other similarly situated employees who wish to participate in a collective action must affirmatively "opt in" by filing a written consent to join as a party plaintiff, *29 U.S.C. § 216(b)*, the benefits of the collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-Laroche v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). The proposed Notice, attached hereto as Exhibit 6, provides accurate and objective information to prospective "opt in" mechanics regarding the nature of the lawsuit, the effect of the statute of limitations on their claims, and the manner in which they may join this action.

Plaintiff's proposal for court approved notice to the potential opt in plaintiffs is "timely, accurate, and informative," as required. *Hoffman-LaRoche*, 493 U.S. at 172. It provides notice of the pending action and of the opportunity to opt in. The parties' claims and defenses are accurately described. Potential opt in plaintiffs are advised that Defendant is defending against the claims, and that they are not required to participate. The notice provides clear instructions on how to opt in, and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. *See 29 U.S.C. § 215(a)(3)*.

The Court should order that proposed Notice be sent to all potential members of the collective action by first-class mail, and that these potential parties be provided 90

days from the date of the mailing of the Notice to file a Consent to Become a Party in order to become a party hereto.

**C.    Notice Must Be Expedited Due to the Running of the Statute of Limitations.**

Notice to the putative plaintiffs should be expedited in this action in order to prevent the preclusion of their claims due to the FLSA statute of limitations provisions. The FLSA provides for a two-year statute of limitations for non-willful violations of its provisions, and a three-year statute of limitations for willful violations. *29 U.S.C. § 255(a)*. The statute of limitations is tolled for a class member upon the filing of the written consent to join form with the Court. *29 C.F.R. § 790.21(b)(2)*. The information contained in the proposed Notice is essential to allow the putative plaintiffs to protect their interests within the requisite statute of limitations. Without notice, potential "opt in" employees are unaware that they have the option to pursue their overtime claims in this action. Further, as many of the potential "opt in" plaintiffs no longer work for Defendants, they will be increasingly difficult to locate, and evidence may be lost with the passing of time.

**D.    The Proposed Limited Discovery Is Essential To Ensure Timely Notice.**

Defendants should be required to identify their current and former employees who are potential "opt in" plaintiffs in this action. Early discovery of a mailing list for class members is a routine component of notice in a collective action. *Hoffman-LaRoche*, 493 U.S. at 170 (holding discovery of class list "relevant to the subject matter of the [collective] action"); *see also Stillman v. Staples*, 2007 U.S. Dist. LEXIS 58873 (D.N.J. 2007) (ordering discovery of names of potential members of the collective action based on the "clear relevance of the information"). Indeed, such a mailing list is essential to

timely notice. *Hoffman-LaRoche*, 493 U.S. at 170. Thus, Defendants should be ordered to produce the names, last known addresses and phone numbers, in the manner in which it maintained these records, for all mechanics who were employed by the Defendants within the time period contained in the Notice.

## VI.  CONCLUSION

This case is appropriate for adjudication on a collective basis. All of Defendant's mechanics form a cohesive group of similarly situated employees. The proposed class members all have the same or substantially similar job responsibilities and are paid under the same or substantially similar compensation plans. Thus, a notice and opt in period will facilitate the consolidated resolution of the unpaid overtime compensation claims based upon common law and facts. A collective action will also avoid the proliferation of individual lawsuits that could result in disparate rulings and wasting the time and resources of the court and the parties. For these reasons, the Court should promptly authorize this case to proceed as a collective action, order Defendant to identify potential opt in plaintiffs, and authorize the Plaintiffs to send the proposed Notice by mail to all current and former employees who may have claims that fall within the statute of limitations.

For the foregoing reasons, the Court should grant this motion to: (1) authorize this matter to proceed as a collective action, (2) authorize mailing of the proposed Notice (Exhibit 6) to all persons who were employed by Defendant as mechanics during the time period commencing three years prior to the filing of this action through the present, and (3) require Defendant to produce a list containing the names, addresses, and telephone numbers of all potential opt in plaintiffs in the manner in which it regularly maintained

these records so that these potential parties to this action can receive notice of this action.

        Respectfully submitted,

        Andrew Gordon, Tavis McNeil, Donald
        Wrighton, Nicholas Cole, Jacob Grisson,
        and Dawn Dewey, On Behalf of Themselves and
        Others Similarly Situated

        s/ William C. Tucker (Fed. ID No. 6187)
        Tucker Law Firm, PLC
        690 Berkmar Circle
        Charlottesville, Virginia  22901
        (434) 978-1011 Phone
        (434) 978-0101 Fax
        Email: bill.tucker@tuckerlawplc.com

        /s/Marybeth Mullaney (Fed. ID No. 11162)
        Mullaney Law
        321 Wingo Way, Suite 201
        Mount Pleasant, South Carolina 29464
        (803) 692-1660 Phone
        (800) 385-8160 (Fax
        marybeth@mullaneylaw.net

        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of May, 2015, I electronically filed the foregoing Plaintiffs' Memorandum In Support of Their Motion for Conditional Class Certification using the CM/ECF system, which will send a notification of such filing (ECF) to the following:

Benjamin P. Glass, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, PC
211 King Street, Suite 200
Charleston, SC 29401
(843) 853-1300 Phone
(843) 853-9992 Fax
ben.glass@ogletreedeakins.com

Piper Byzet, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, PC
211 King Street, Suite 200
Charleston, SC 29401
(843) 853-1300 Phone
(843) 853-9992 Fax
piper.byzet@ogletreedeakins.com

                                            s/ Marybeth Mullaney
                                            Marybeth Mullaney (Fed. ID No. 11162)