IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ANDREW GORDON, TAVIS MCNEIL, DONALD WRIGHTON, NICHOLAS COLE, JACOB GRISSON AND DAWN DEWEY, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,<br><br>       Plaintiffs,<br><br>v.<br><br>TBC RETAIL GROUP, INC. D/B/A TIRE KINGDOM,<br><br>       Defendant. | CIVIL ACTION NO. 2:14-CV-03365-DCN |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO ADD PARTIES**

COMES NOW, Defendant, TBC RETAIL GROUP, INC. d/b/a TIRE KINGDOM, ("Defendant," "TBC," or "Tire Kingdom") and files its Response in Opposition to Plaintiffs' Motion to Add Parties. The Court expressly rejected Plaintiffs' prior request for 90 days to file consent forms, and the 34 late opt-ins have failed to offer any explanation for their failure to comply with the Court's 60-day deadline. Accordingly, their Motion should be denied.

**I. INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

The six named Plaintiffs originally filed their "Collective Action Complaint" on August 20, 2014 alleging violations of the Fair Labor Standards Act "individually and on behalf of all similarly situated individuals . . . ." (Entry No. 1). On September 30, 2015, the Court issued its Order granting Plaintiffs' Motion for Conditional Class Certification as to all current and former

Tire Kingdom mechanics who worked during the time period beginning August 20, 2011. (Entry Nos. 14, 40). In its Order, the Court reiterated that (as it had already informed the parties during a hearing on September 2, 2015) it approved Plaintiffs' proposed class notice, "subject to a reduction of the time allowed for plaintiffs **to file** class member's consent to become a party from a date ninety (90) days from the date of notice, to a date **sixty (60) days from the date of notice**." (Entry No. 40) (emphasis added).

On November 12, 2015, Plaintiffs filed their Notice of Mailing with the Court, and there is no dispute that Plaintiffs had until January 11, 2016 to timely file any putative class member's consent to become a party. (Entry No. 42; Entry No. 92 at ¶ 3). Prior to the expiration of the deadline, Plaintiffs filed hundreds of consent forms **but only 27** without arbitration agreements filed within the statute of limitations and the Court's 60-day deadline. On January 15, 2015 (four days after the deadline established by the Court), Plaintiffs filed untimely consent forms for the following 11 individuals: Paul Anderson, David Baker, Deangelo Charles, Addison Collier, Baltazar Gonzalez, Shawn Jackson, Mark McKinney, Kenneth Mehrlich, Phillip Sibblis, Thomas Skoblow, and Aaron Walker. (Entry No. 73). On January 21, 2016 (10 days after the Court's deadline), Plaintiffs filed 11 more untimely consent forms for the following: Luis Caride, John Cooper, Andrew Duffels, Robert Elliot, Corey Hammett, Lawrence McAuliffe, Scott Miller, Jonathan Morris, Christopher Parshley, Thomas Wilder, and Steven Williamson. (Entry No. 74). On February 1, 2016 (21 days after the Court's deadline), Plaintiffs filed untimely consents for the following four individuals: Ryan Ketchum, Frederick McAninch, Evin Rubio, and Michael Watkins. (Entry No. 75).

On February 9, 2016, Plaintiffs filed four additional untimely consents for Kenneth Dennis, Lewis Lloyd, James Miller, and Andrew Tootle. (Entry No. 76). On February 19, 2016,

Plaintiffs filed untimely consents for Jimmy Loftis and Janardan Nivens. (Entry No. 78). On February 12, 2016 (more than a month after the Court's deadline), Plaintiffs filed an untimely consent for Mike Lepley. (Entry No. 77). On February 23, 2016, Plaintiffs filed an untimely consent for Christopher Weathers (Entry No. 79), bringing the total number of consents filed after the Court's 60-day deadline to 34. Of these 34 late consent filers submitting beyond the Court's 60-day deadline, 7 are beyond even a three-year statute of limitations and an additional 6 are beyond a two-year statute of limitations (but within a three-year statute of limitations, which is inapplicable in this case for the reasons set forth in Defendant's Motion for Summary Judgment). Plaintiffs have offered no excuse for their failure to comply with the Court's deadline, and their motion to add 34 untimely consent filers must be dismissed.

## II.  ARGUMENTS AND AUTHORITIES

**A.**     **These 34 late consent forms are in flagrant disregard of the Court's 60-day deadline and the Court's express denial of the Plaintiffs' request for a 90-day deadline.**

The Court unequivocally rejected Plaintiffs' request for a 90-day deadline and stated during the hearing and in its Order that Plaintiffs had 60 days (*i.e*., until January 11, 2016) to *file* consent forms for anyone wishing to join this litigation as a class member. (Entry No. 40). Despite these clear instructions, Plaintiffs continued filing consent forms for more than six weeks after the expiration of the Court's 60-day deadline. Plaintiffs' vague argument regarding the "remedial purpose of the FLSA" is not sufficient to excuse their failure to abide by the Court's clear deadline.

The Fourth Circuit addressed this very issue of untimely consents in affirming summary judgment for the employer in the case *In Re Food Lion, Inc*., 151 F.3d 1029 (4th Cir. 1998). In that case, six would-be plaintiffs missed the cutoff for consent forms by several days and were dismissed from the case. *Id*. at *10. Three appealed, arguing that the FLSA is remedial and

should be stretched to allow in as many claims as possible. *Id*. The Fourth Circuit rejected this argument and stated, "The prerogative of the district court to manage its docket with timetables and deadlines, however, prevents even remedial statutes from stretching to the breaking point. It cannot be gainsaid that the district court was clear about its cut-off deadline." *Id*. As in the Fourth Circuit case, this Court was clear in establishing a 60-day cutoff deadline and Plaintiffs disregarded that deadline by continuing to file late consents for more than six weeks. Accordingly, Plaintiffs' motion to add these 34 late consent filers as parties should be denied.

**B.     These 34 late filers have failed to offer any explanation, much less establish good cause, for their delay and the potential prejudice to Defendant.**

Plaintiffs in this case have not offered any explanation for their filing of 34 late consent forms. Instead, Plaintiffs merely state that "Plaintiff's counsel continued to receive signed written Consents to Join from putative plaintiffs and filed them upon receipt." This is simply not enough to excuse Plaintiffs failure to abide by the Court's 60-day deadline and it certainly does not justify the potential prejudice to Defendant.

The courts have required more than a showing of late receipt by counsel to justify the filing of late consent forms. For example, in *In Re Food Lion, Inc.*, several appellants filed affidavits unsuccessfully attempting to establish "exceptional circumstances" to excuse their untimely consent forms. 151 F.3d 1029 at *10. The court found that a terminally ill parent, the death of a parent, being out of town, and slow postal service did not constitute exceptional circumstances. *Id*. The Fourth Circuit noted that "'the litigant who decides to rely on the vagaries of the mail must suffer the consequences.'" *Id*. (quoting *Thompson v. E.I. Dupont de Nemours & Co*., 76 F.3d 530, 534 (4th Cir. 1996)); *see, e.g., Hoffman-LaRouche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989) (holding that a district court is empowered to establish "cut off dates to expedite the disposition of the action"). The Fourth Circuit further stated that

4

"sanctions in such a circumstances properly may include dismissal." *Id*. (citing *Rabb v. Amatex Corp.*, 769 F.2d 996, 1000 (4th Cir. 1985)).

Plaintiffs in this case have **failed to offer any excuse**, much less exceptional circumstances or good cause, for their failure to abide by the Court's 60-day deadline. Even in the cases Plaintiffs cite in support of their Motion, the courts required more than a showing of belated receipt by plaintiffs' counsel. *E.g., Regan v. City of Charleston*, 2015 U.S. Dist. LEXIS 35524, *8-9 (D.S.C. Mar. 23, 2015) (requiring each of the five late filers—less than 2% of the class—to submit "a detailed affidavit addressing the reasons he did not timely return or file a consent form" and noting that plaintiffs' counsel immediately sought defendant's consent upon receipt of the forms and that the parties had not yet conducted any written discovery, depositions, or representative discovery); *Cooke, et al. v. Wasabi II, et al.*, Civil Action No. 2:14-cv-2293-DCN (D.S.C. May 5, 2016) (Entry No. 61-1) (finding "good cause" for a single late consent filer who alleged in a declaration that she had a head injury, was told by her employer to "go die in the streets," and she feared termination);[1] *but c.f., Matvia v. Bald Head Island Management, Inc.*, 259 F.3d 261, 270 (4th Cir. 2001) (stating that "we have refused to recognize a nebulous fear of retaliation as a basis for remaining silent") (internal quotations omitted).

In this case, Plaintiffs have not submitted any affidavits from the late filers or offered any explanation for their failure to abide by the Court's deadline. It would be prejudicial to Defendant to allow Plaintiffs to add 34 late consent filers given that: (1) Plaintiffs' counsel failed to seek Defendant's consent to these late opt-in forms; (2) Defendant has already produced thousands of documents to Plaintiffs in response to their written discovery requests; and (3) the

---

[1] The overwhelming majority of the late consent filers in this case had already received their final paychecks prior to the expiration of the Court's deadline, and they cannot possibly argue that some nebulous fear of retaliation prevented them from timely filing their consent forms. (Entry No. 88-2, p. 14-15).

5

number of late consent filers exceed the total number of opt-in Plaintiffs without arbitration agreements who timely filed within the Court's deadline and the two-year statute of limitations applicable in this case (*i.e.*, 34 late consent filers versus 27 timely opt-ins without arbitration agreements). Even if the Court were inclined to excuse these 34 late filers:

- 20 of 34 signed binding arbitration agreements subject to Defendant's pending Motion to Compel Arbitration (Entry No. 94-1, p. 5);

- 7 of the 34 are outside even the more lenient three-year statute of limitations (Entry No. 88-2, p. 14-15);

- an additional 6 of the 34 are outside the two-year statute of limitations applicable in this case (Entry No. 88-2, p. 14-15);

- 23 of the 34 signed the consent forms within the Court's 60-day deadline—clearly establishing that they timely received the notice containing Plaintiffs' counsels' mailing addresses, telephone numbers, fax numbers, and email addresses—and they still failed to file the forms by the Court's deadline (Entry Nos. 42-1, 73-1 through 73-11, 74-6 through 74-11, 75-1, 75-3, 76-2 through 76-3, 78-2, 79-1).

Like the would-be plaintiffs in *In Re Food Lion*, the 34 late consent filers (as well as any who may file hereafter) must be dismissed for failure to abide by the 60-day filing deadline clearly established by this Court. Accordingly, Plaintiffs motion to add these 34 untimely consent filers should be denied.

### III. CONCLUSION

WHEREFORE, Defendant, TBC RETAIL GROUP, INC. d/b/a TIRE KINGDOM, respectfully requests this Court deny Plaintiffs' Motion to Add Parties. Defendant further requests its attorneys' fees and costs associated with defending against this Motion as well as any further relief the Court deems appropriate.

Dated this 20th day of May, 2016.

BY: s/Wade E. Ballard
Wade E. Ballard
Federal ID No. 1180
wballard@fordharrison.com
Kristin S. Gray
Federal ID No. 10181
kgray@fordharrison.com
FORD**HARRISON**LLP
100 Dunbar Street, Suite 300
Spartanburg, SC 29306
Phone: (864) 699-1100
Fax: (864) 699-1101

Attorneys for Defendant

WSACTIVELLP:8437545.1