UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Andrew Gordon, Tavis McNeil, Nicholas Cole, and Dawn Dewey, On Behalf of Themselves and Others Similarly Situated, | ) ) ) ) | Civil Action No.: 2:14-CV-3365-DCN |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TBC Retail Group, Inc., d/b/a Tire Kingdom, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**

COME NOW Plaintiffs Andrew Gordon, Tavis McNeil, Donald Wrighton, Nicholas Cole, Jacob Grisson, and Dawn Dewey, and for their Motion for Consideration, state as follows:

1.    Plaintiffs filed this action against Defendant TBC Retail Group, Inc., which conducts business under the trade name Tire Kingdom as well as other trade names, pursuant to the Fair Labor Standards Act ("FLSA") on behalf of themselves and other current and former similarly situated employees of Defendant, seeking payment of unpaid overtime compensation.

2.    Defendant moved this Court to compel certain Plaintiffs to pursue their claims in arbitration, relying on the Defendant's Mutual Agreement to Arbitrate Claims and Waiver of Class/Collective Actions. [ECF 33, 81].  The Court granted one of these motions in part, and ordered that certain plaintiffs must proceed with their claims in arbitration. [ECF 112].

3.     After this Court's ruling on the Defendant's Motion to Compel Arbitration, the National Labor Relations Board found that the Defendant's Mutual Agreement to Arbitrate Claims and Waiver of Class/Collective Actions is unenforceable because it violates the National Labor Relations Act, and ordered Defendant not only to cease and desist from enforcing the Agreement that was the subject of that motion, but also to take corrective action to rectify any enforcement of those provisions.

4.     Courts have the "inherent power to reconsider and revise any interlocutory order, as recognized by Rule 54(b)." *Regan v. City of Charleston*, 40 F. Supp. 3d 698, 701 (D.S.C. 2015) (*citing Jensen v. Conrad*, 570 F. Supp. 91, 103 (D.S.C. 1983) and FED. R. CIV. P. 54(b).   "An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Id*., (*citing Fayetteville Investors v. Commercial Builders, Inc*., 936 F.2d 1462, 1469 (4th Cir. 1991).  Although "Rule 54(b) motions are not subject to the strict standards applicable to motions for reconsideration of a final judgment," the "district courts in the Fourth Circuit generally look to Rule 59(e)'s standards for guidance." *Id*. (internal citations omitted.)   Accordingly, a Rule 54(b) motion for reconsideration of an interlocutory order may be granted on the following grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *Id*. at 701-702 (*citing Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998).

5.     Based on the NLRB's Order, and for the reasons set forth in the Plaintiffs'

supporting memorandum, the Plaintiffs request that this court reconsider its previous ruling, and order that this action proceed as a collective action in this Court.

6.    In addition, this issue of whether an employer's class action waiver violates its employees' rights to participate in concerted activity pursuant to the National Labor Relations Act is currently before both the Supreme Court of the United States, in *Epic Systems Corp. v. Lewis*, Docket No. 16-285 (cert. granted Jan. 13, 2017)[1], and the United States Court of Appeals for the Fourth Circuit in *AT&T Mobility Services, Inc. v. N.L.R.B.*, Nos. 16-1099, 16-1159, and it heard oral argument on this issue on December 6, 2016.  Thus, in the alternative, the Plaintiffs request that this Court stay its ruling until either the Supreme Court of the Court of Appeals determines this issue definitively.

Respectfully submitted,

Andrew Gordon, Tavis McNeil, Nicholas Cole, and Dawn Dewey, On Behalf of Themselves and Others Similarly Situated

s/ William C. Tucker
William C. Tucker (Fed. ID No. 6187)
Tucker Law Firm, PLC
690 Berkmar Circle
Charlottesville, Virginia  22901
(434) 978-1011 Phone
(434) 978-0101 Fax
Email: bill.tucker@tuckerlawplc.com

Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
321 Wingo Way, Suite 201
Mount Pleasant, South Carolina 29464
(803) 692-1660 Phone
(800) 385-8160 Fax

---

[1] Consolidated with *Ernst & Young, LLP v. Morris* and *National Labor Relations Board v. Murphy Oil USA, Inc.*

marybeth@mullaneylaw.net

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2017, I electronically filed the foregoing Plaintiffs' Motion for Reconsideration using the CM/ECF system, which will send a notification of such filing (ECF) to the following:

    Wade E. Ballard, Esq.
    Kristin Gray, Esq.
    FordHarrison LLP
    100 Dunbar Street, Suite 300
    Spartanburg, South Carolina 29306
    (864) 699-1121
    wballard@fordharrison.com
    kgray@fordharrison.com

                    s/ William C. Tucker
                    William C. Tucker