**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| ANDREW GORDON, TAVIS MCNEIL, NICHOLAS COLE, AND DAWN DEWEY, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>TBC RETAIL GROUP, INC. D/B/A TIRE KINGDOM,<br><br>Defendant. | CIVIL ACTION NO. 2:14-CV-03365-DCN |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

COMES NOW, Defendant, TBC RETAIL GROUP, INC. d/b/a TIRE KINGDOM, ("Defendant," "TBC," "Tire Kingdom," or "Company"), in accordance with Local Civil Rule 7.06, and files its Response in Opposition to Plaintiff's procedurally improper Motion to Strike. Plaintiffs seek to strike a declaration (though it is not a "pleading" per Fed. R. Civ. P. 7(a) and 12(f)) filed by Defendant responding to Plaintiffs' incorrect argument at summary judgment that the Company failed to designate a representative period for purposes of its Section 7(i) pay plan. **Six years into this litigation**, Plaintiffs raise this new (and mistaken) argument, although they: (a) **never** previously pleaded any such argument in their Complaint (Entry No. 1) or at the conditional certification stage (Entry Nos. 14 and 29); and (b) **never** sought discovery on that issue despite having *six years* to do so and *two opportunities* to depose the declarant.

Instead, Plaintiffs now improperly aim to use their own failure to plead or seek discovery on that issue as a sword against Defendant at summary judgment by asking the Court to disregard a proper declaration based on the declarant's personal knowledge and to assume a

falsehood about the Company's audit practices regarding its pay plan. For the reasons set forth herein, Plaintiffs' Motion to Strike (Entry No. 160, later refiled as Entry No. 161) (which Plaintiffs incorrectly filed as a hybrid "Reply and Motion to Strike Defendant's Rule 30(b)(6) Corporate Representative's Declaration") should be denied.

## I. INTRODUCTION

The Parties currently have cross motions for summary judgment and Defendant's motion for decertification pending in this Section 7(i) collective action. Although Plaintiffs' filed Entry No. 160 (and later refiled as Entry No. 161) as a reply in support of their pending motion for summary judgment, the document is actually just a motion to strike a declaration,[1] which Defendant filed in response to an incorrect argument Plaintiffs raised **for the very first time** in their motion for summary judgment. As explained in Defendant's Motion for Summary Judgment (Entry No. 152) and supporting briefs (Entry Nos. 157 and 159), Defendant is entitled to summary judgment on Plaintiffs' claims because Plaintiffs (like most mechanics in the industry) were paid pursuant to a bona fide flat rate commission plan. Further, Defendant is entitled to summary judgment on the majority of the Plaintiffs' claims, given that Plaintiffs cannot meet their heavy burden of establishing a willful violation (*i.e.*, the knowledge or reckless disregard) necessary to invoke a three-year statute of limitations.[2] In a desperate attempt to save their untimely claims, Plaintiffs raised a new (and misplaced) argument in their motion for summary judgment that Defendant failed to comply with a record-keeping requirement of

---

[1] In their hybrid "Reply" filing, Plaintiffs devote the entire document to their motion to strike arguments, with the exception of a single sentence at the very end on p. 7 simply referring the Court to their prior summary judgment briefing.

[2] In addition, the highly individualized analysis required by the nature of the § 7(i) exemption (coupled with Plaintiffs' individual- and location-specific excuses for the remaining subset's lack of productivity) necessitates decertification of this collective action if any claims survive summary judgment.

designating a representative period for Section 7(i) purposes and that this is somehow evidence of the reckless disregard necessary to invoke a three-year statute of limitations.

In response to Plaintiffs' new argument raised for the first time six years into this litigation, Defendant filed the declaration (Entry No. 157-1) of Terri Hoskins, Senior Vice President and Chief Human Resources Officer, based on her personal knowledge of the Company's pay and audit practices, as well as its pay and audit records. Plaintiffs have repeatedly argued from the beginning of this case, which has been pending for nearly six years, that the sole issue for the Court is to determine whether any of the Plaintiffs always or almost always earned the same guaranteed rate of $11.02 per hour.[3] (*See, e.g.*, Entry No. 29 at pp. 3-4). At no point prior to summary judgment have Plaintiffs ever argued that Defendant failed to designate a representative period for purposes of its Section 7(i) plan and determining whether a mechanic's commissions exceeded 50% of his/her total earnings.

Plaintiffs made no such allegation in their Complaint (Entry No. 1), at the conditional certification stage (Entry Nos. 14 and 29), or at any other point during the nearly six years they had to seek discovery on that issue. They now improperly seek to use their own failure to previously raise or conduct discovery on that issue to deprive Defendant of the opportunity to meaningfully respond to their incorrect assumptions regarding the Company's pay plan audit practices. For the reasons set forth herein, Plaintiffs' Motion to Strike should be denied. Further, Defendant is entitled to summary judgment on Plaintiffs' claims and, if any claims survive Defendant's Motion, this matter should be decertified.

---

[3] As discussed in Defendant's summary judgment briefing, Plaintiff's reliance on this regulation is misplaced, given that Plaintiffs' pay varied each workweek and the regulation is premised on the now rejected "narrowly construed" standard.

## II.  ARGUMENTS AND AUTHORITIES

**A.**     **Plaintiffs' motion to strike should be denied on the grounds that it is procedurally improper.**

Fed. R. Civ. P. 12(f) provides, "The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added). *See, also, Contravest v. Mt. Hawley Ins*., Co., 2018 U.S. Dist. LEXIS 229995, *13, Civil Action No. 9:15-cv-00304-DCN (D.S.C. Mar. 30, 2018) (denying plaintiffs' motion to strike because plaintiffs arguments were regarding "an evidentiary issue not properly made in a motion to strike" and because "plaintiffs do not seek to strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter") (internal quotations omitted).  According to the Fourth Circuit, "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by movant simply as a dilatory tactic."  *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).  Here, Plaintiffs improperly seek to strike a declaration, which is not a "pleading" as defined by Fed. R. Civ. P. 7(a) and referenced in Rule 12(f).

Only material included in a "pleading" may be the subject of a motion to strike per the plain language of Fed. R. Civ. P. 12(f*).  See, e.g*., *Melvin v. SSA*, 126 F. Supp. 3d 584, 596 (E.D.N.C. 2015) (denying plaintiff's motion to strike a memoranda in support of, or in opposition to, motions because "Rule 12(f) only allows a court to strike pleadings"); *Int'l Longshoremen's Assn. v. Virginia Int'l Terminals, Inc*., 904 F. Supp. 500, 504 (E.D. Va. 1994) (concluding that summary judgment briefs and affidavits are not pleadings and, therefore, a Rule 12(f) motion could not be used to strike such documents); *Sum of $66,839.59 Filed in the Registry v. IRS*, 119 F. Supp. 2d 1358, 1359 n. 1 (N.D. Ga. 2000) (denying a motion to strike an affidavit "because a motion to strike is only appropriate with regard to a pleading and an

4

affidavit is not a pleading"); *Lombard v. MCI Telcoms. Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) (finding no basis in the Federal Rules for striking affidavits).

Rule 12(f) is expressly limited to "pleadings," which Rule 7(a) defines as complaints, answers and replies to counterclaims. Plaintiffs have cited no binding Fourth Circuit authority in their motion indicating that the courts should expand motions to strike beyond the plain language of the Federal Rules of Civil Procedure. Tellingly, the only Fourth Circuit decision cited by Plaintiffs was unpublished, did not involve a motion to strike, and only briefly addressed a declaration in a footnote noting that "we need not reach Sutton's argument related to the [admissibility of the] Corporation's affidavit"). *Sutton v. Roth, LLC*, 361 Fed. Appx. 543, 550 n. 7 (4th Cir. Jan. 21, 2010). Accordingly, Plaintiffs' motion to strike Defendant's declaration is procedurally improper and must be denied.

B.    **Plaintiffs' motion to strike should also be denied on the grounds that Plaintiffs' own failure to raise this issue prior to summary judgment cannot be used by them as a sword with which to ambush Defendant, and on the grounds that the declaration is based on the declarant's own personal knowledge.**

Plaintiffs improperly waited until after the close of discovery to raise their new (incorrect) theory that Tire Kingdom failed to designate a representative period and that this "is also strong evidence of recklessness" sufficient to allow them to invoke a three-year statute of limitations reserved only for willful violations. Plaintiffs plead **no** such allegation in their Complaint or at the conditional certification stage, sought **no** discovery on this issue during the six years this case has been pending and, despite **twice** deposing Ms. Hoskins, did **not** ask her any questions regarding TBC's designation of a representative period or its pay plan audit practices. Had they done so, Ms. Hoskins would have stated, as she did in her declarations (Entry No. 157-1 and 159-1) that the Company audits its pay plan on an annual basis using a

5

one-year designated representative period. *Id.*; *see also* Supplemental Declaration of R. Crandall (Entry No. 159-2).

First, Plaintiffs' attempts to ambush Defendant at summary judgment with their new (incorrect) theory about the Company's designation of a representative period is improper. *See, e.g., Irani v. Palmetto Health*, 776 Fed. Appx. 399, 423-24 (4th Cir. Apr. 10, 2019) (stating, "a plaintiff may not raise new claims after discovery has begun without amending his complaint. A complaint is meant to state the issues of a case so that the parties can conduct discovery and present their cases intelligently. . . . In essence, this is a rule of fairness because without this notice, a defendant is deprived of a fair opportunity to prepare her case or take anything more than the most minimal precautionary measures") (internal quotations and citations omitted); *Deasy v. Hill*, 833 F. 2d 38, 41 (4th Cir. 1987) (stating, "The original complaint led defendant to believe that plaintiff did not claim negligent performance, and defendant could quite sensibly have decided not to commit her resources to a shadowy claim that plaintiff may or may not have been serious about raising").

In their motion at p. 4, Plaintiffs point to a generic request for Defendant's compensation policies and exceptions to those policies, incorrectly arguing that this constituted a request for records substantiating the designation of a representative period. Nowhere in 29 C.F.R. § 779.417(d) does it state that the designated representative period must be memorialized in an employer's policy as opposed to being substantiated by its pay plan audit records or other documents. Tellingly, Plaintiffs have failed to identify any pleading, discovery request, deposition transcript, or other document seeking information regarding Defendant's designation of a representative period under Section 7(i) or its audit practices with regard to the pay plan. Plaintiffs never conferred with Defendant, never filed a motion to compel under Local Civil Rule

6

37.01, or otherwise sought from Defendant any information regarding its designated representative period or its audit practices with regard to the pay plan.

Although Plaintiffs never timely raised any issues regarding Defendant's designation of a representative period, they bemoan the expert witness's analysis of various representative periods in his original report and the lack of a one-year analysis. After Plaintiffs raised this issue for the first time six years into the litigation, Tire Kingdom's expert submitted a supplemental report (ECF No. 159-2) analyzing the data using the Company's designated one-year period that it uses for audit purposes. The expert witnesses' reports simply show that, regardless of the length of the representative period used to analyze the data (*e.g*., a one-month, two-month, three-month, or longer one-year period), the data shows that the exemption was met in the overwhelming majority of periods even in the best case scenario for Plaintiffs (*i.e*., excluding differential pay from the calculation, though it is paid pursuant to the bona fide pay plan and should be included—bringing the exemption satisfaction rate to 100% of periods).[4] In short, the expert's reports show that, no matter how you slice it, the commission plan is bona fide.

---

[4] In his analysis, Crandall did not include earnings differential as commissions, because "it's 100 percent commission at this point. So the whole issue [of whether more than half Plaintiff's commissions for a representative period not less than one month represents commissions] would be moot then." (Entry No. 152-12 p. 4 of 17). In other words, Crandall's analysis was conducted in the light most favorable to the Plaintiffs. As Crandall explained in his report, "Even in Plaintiffs' best case scenario, the commission requirement is met in approximately 80% of the time for mechanics remaining in the Action." (Entry No. 152-2 at p. 18 of 48). In addition, mechanics typically work overtime in time periods when Section 7(i)'s requirements are met, even in the light most favorable to Plaintiffs. (Entry No. 152-2 at p. 20 of 48). "The implication of this relationship is that in those time periods when a Mechanic worked overtime, he or she was more likely to earn enough commissions to meet the exemption eligibility requirement. Similarly, in the relatively small portion of time periods when commissions did not amount to at least half of total earnings, the Mechanic likely worked little or no overtime." *Id*.; *see, also, Klinedinst v. Swift Invs., Inc*., 260 F.3d 1251, 1256 (11th Cir. 2001) (stating, "As it is undisputed that all of [plaintiff's] wages were derived from the flat rate system and we have determined that the aforementioned system constitutes a commission, the second component of Section 7(i) is met").

After Plaintiffs belatedly raised their incorrect argument that Tire Kingdom failed to designate a representative period, Tire Kingdom submitted the declaration of Ms. Hoskins based on her personal knowledge of the Company's pay and audit practices, as well as the pay and audit records, which fall under her purview as the Company's Senior Vice President and Chief Human Resources Officer. Cases cited by Plaintiff in support of their motion to strike (which are from out-of-state district courts and are not binding on this Court) involve declarations submitted by witnesses contradicting their prior deposition testimony admitting that they lacked personal knowledge about the subjects at issue. *E.g., Apparel Bus. Sys., LLC v. Tom James Co*., 2008 U.S. Dist. LEXIS 26313 *62 (E.D. Pa. Mar. 31, 2008) (refusing to strike a declaration but noting that the declaration contradicted the witness's earlier testimony that he lacked personal knowledge about the very same facts); *Souter v. Equifax Info.* Servs., LLC 299 F.R.D. 126, 128 (stating that, while the affiant claimed to have personal knowledge in his affidavit, "[t]o the contrary, in his deposition, Johnson admitted that he did not have personal knowledge of the matters recited in the affidavit"). That is not the situation here.

Despite **twice** deposing Ms. Hoskins, Plaintiffs **never** asked her any questions about Tire Kingdom's designated representative period or its audit practices, much less any questions about her personal knowledge thereof. Had Plaintiffs bothered to ask her about those issues, Ms. Hoskins would have testified consistent with her declarations regarding Tire Kingdom's use of a one-year designated representative period for the purposes of its annual audit of the pay plan. In short, Plaintiffs' motion to dismiss must be denied because Ms. Hoskins' declaration is based on her own personal knowledge. Plaintiffs' decision **not** to question Ms. Hoskins about these topics during her **two** Rule 30(b)(6) depositions, does not change the fact that her declaration is based on her own personal knowledge. Plaintiffs cannot fail to conduct discovery

on this designated representative period issue, and then use that to ask the Court to assume a falsehood about Tire Kingdom's pay plan audit practices to save untimely claims.

Regardless, even if Tire Kingdom had failed to designate a representative period (which is untrue), such a recordkeeping error would not rise to the level of a willful violation necessary to invoke a three-year statute of limitations. *See, e.g., Hantz v. Prospect Mortg., LLC*, 11 F.Supp.3d 612, 617-18 (E.D.Va. Feb. 5, 2014) (finding that the employer failing to track plaintiff's working hours did not rise to the level of a willful violation and clarifying, "Courts have found employers willfully violated the FLSA where they ignored specific warnings that they were out of compliance, destroyed or withheld records to block investigations into their employment practices, or split employees' hours between two companies' books to conceal their overtime work"); *Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111, 131 (4th Cir. 2015) (affirming summary judgment for the employer on the issue of willfulness where "there was no evidence that any of the executives involved in the [decision to continue to classify investigators as exempt] made anything other than their best attempts to resolve this difficult exemption question . . . ."). For these reasons, Plaintiffs' motion to strike should be denied.

### III. CONCLUSION

Plaintiffs' motion to strike should be denied because it is procedurally improper and seeks to excuse their own failure to raise the designated representative period issue until six years into this litigation and after the close of discovery. In addition, the declaration was based on the declarant's own personal knowledge. For these reasons, Plaintiffs' motion to strike should be denied. Further, Tire Kingdom's flat rate commission plan is consistent with the industry standard and constitutes a bona fide commission plan in accordance with § 7(i)'s overtime exemption requirements. Accordingly, Defendant is also entitled to summary judgment on Plaintiffs' claims.

WHEREFORE, Tire Kingdom respectfully requests that this Court deny Plaintiffs' procedurally improper and baseless motion to strike. Defendant further requests its attorneys' fees and costs and any further relief the Court deems appropriate.

Dated this 20th day of March, 2020.

                                                BY:    s/Wade E. Ballard
                                                            Wade E. Ballard
                                                             Federal ID No. 1180
                                                             wballard@fordharrison.com
                                                            Kristin S. Gray
                                                            Federal ID No. 10181
                                                           kgray@fordharrison.com
                                                           FORD**HARRISON**<sup>LLP</sup>
                                                           100 Dunbar Street, Suite 300
                                                           Spartanburg, SC 29306
                                                           Phone: (864) 699-1100
                                                           Fax: (864) 699-1101

                                                           Attorneys for Defendant

WSACTIVELLP:11345181.1