# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| ANDREW GORDON, TAVIS MCNEIL, NICHOLAS COLE, AND DAWN DEWEY, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,<br><br>                  Plaintiffs,<br>v.<br><br>TBC RETAIL GROUP, INC. D/B/A TIRE KINGDOM,<br><br>                  Defendant. | CIVIL ACTION NO. 2:14-CV-03365-DCN |

## ORDER GRANTING DEFENDANT'S
## MOTION FOR DECERTIFICATION

The Court issues the following Order granting Defendant's Motion for Decertification in the above-referenced collective action as follows. On February 7, 2020, the Parties filed cross motions for summary judgment, and Defendant filed a motion for decertification. (Entry Nos. 152 and 153). On June 16, 2020, the Court issued an Order (Entry No. 174) disposing of all Plaintiffs' claims on the cross motions for summary judgment, except as to the five remaining opt-in Plaintiffs set forth below:

- Thomas Clark, who worked at Store No. 209 in Charlotte, North Carolina;

- James Hardenbrook, who worked at Store No. 290 in Waycross, Georgia;

- Rashaad Collins, who worked at Store No. 178 in Marrero, Louisiana and Store No. 243 in New Orleans, Louisiana;

- Frederick Schultz, who worked at Store No. 108 in Hudson, Florida; and

- Kenny Schultz, who worked at Store Nos. 147 and 133 in Ocala, Florida.

In the Order (Entry No. 174), the Court noted that a heightened, fact-specific three-factor standard is applied at the "decertification stage" for determining whether the Plaintiffs are "similarly situated:" (1) the disparate factual and employment settings for the individual Plaintiffs; (2) the various defenses available to Defendant that appear to be individual to each Plaintiff; and (3) fairness and procedural considerations. *Gordon v. TBC Retail Group, Inc*., 134 F. Supp. 3d 1027, 1032 (D.S.C. 2015). The Court clarified in the Order that all three factors for decertification are dependent upon whether the five remaining Plaintiffs worked at the same locations and/or if the policy for assigning work was the same for all locations.

The Court requested additional briefing from the Parties detailing the factual and employment settings of the five remaining opt-in Plaintiffs and the process for assigning work. On July 16, 2020, Plaintiffs filed a Notice of Stipulation to Decertify Class acknowledging that the Parties have mutually agreed to decertification of this collective action and requesting thirty (30) days from the date of the dismissal for the five remaining opt-in Plaintiffs (who worked at different Stores in different states—none of which are within this District) to pursue their individual claims, if they so choose. (Entry No. 177).

For the reasons set forth above, the Court grants Defendant's Motion for Decertification. The five remaining Plaintiffs have thirty (30) days from the date of this Order to pursue individual actions, should they choose to do so.

**IT IS SO ORDERED.**

Dated this 3rd day of August, 2020.

_____
David C. Norton
United States District Court Judge