IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ANDREW GORDON, TAVIS MCNEIL, DONALD WRIGHTON, NICHOLAS COLE, JACOB GRISSON, and DAWN DEWEY, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>TBC RETAIL GROUP, INC. d/b/a TIRE KINGDOM,<br><br>        Defendant. | No. 2:14-cv-03365-DCN<br><br>**ORDER** |

This matter is before the court on plaintiffs Rashaad Collins ("Collins") and Thomas Clark's ("Clark") motion for retroactive extension of time to file complaint(s) or for equitable tolling, ECF No. 179. For the reasons set forth below, the court grants the motion.

**I.  BACKGROUND**

Plaintiffs Andrew Gordon, Tavis McNeil, Donald Wrighton, Nicholas Cole, Jacob Grisson, and Dawn Dewey (collectively, "plaintiffs") were employed by defendant TBC Retail Group, Inc., d/b/a Tire Kingdom ("TBC") as mechanics in TBC's South Carolina stores. Compl. ¶ 1. On August 20, 2014, plaintiffs filed their complaint against TBC for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., on behalf of themselves and "all other similarly situated employees." Id. at ¶ 2. Specifically, plaintiffs accused TBC of violating the overtime requirements as stated in 29 U.S.C. § 207(a). Id. at ¶ 23. On September 30, 2015, the court granted plaintiffs' motion for

1

conditional class certification pursuant to the collective action provisions of 29 U.S.C. §216(b).  ECF No. 40.  On December 1, 2015, Collins joined the lawsuit, ECF No. 48, and on January 8, 2016, Clark joined the lawsuit, ECF No. 65.

On February 7, 2020, the parties filed cross motions for summary judgment, and TBC filed a motion for decertification.  ECF Nos. 152, 153.  On June 16, 2020, the court issued an order, ECF No. 174, disposing of all plaintiffs' claims on the cross motions for summary judgment, except as to five remaining opt-in plaintiffs: Collins, Clark, James Hardenbrook, Frederick Schultz, and Kenny Schultz.  On August 4, 2020,[1] the court granted TBC's motion for decertification and ordered that "the five remaining plaintiffs have thirty (30) days from the date of this Order to pursue individual actions, if they choose to do so."  ECF No. 178.  Accordingly, the thirty-day deadline to file individual actions for the five decertified individuals expired on September 3, 2020.  One day after this deadline, on September 4, 2020, Collins and Clark filed individual actions in their respective venues.  See ECF No. 179 at 2.  On September 9, 2020, Collins and Clark filed this motion for retroactive extension of time to file their individual actions.  Id.  On September 14, 2020, TBC responded in opposition to the motion.  ECF No. 180.  On September 28, 2020, Collins and Clark replied.  ECF No. 184.  This motion has been fully briefed and is now ripe for review.

---

[1] The court dated the order August 3, 2020; however, the court filed the order on August 4, 2020.  Because of this inconsistency, the court will consider the "date of [the] Order" to be August 4, 2020 for purposes of calculating the deadline.

## II. STANDARD

### a. Federal Rule of Civil Procedure 6(b)

Under Fed R. Civ. P. 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." "'Excusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). "Rather, it may encompass delays caused by inadvertence, mistake or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995) (citing Pioneer Inv. Servs. Co., 507 U.S. at 395) (in the context of bill of costs). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co., 507 U.S. at 395 (in the context of Bankruptcy Rule 9006(b)(1), which was "patterned after Rule 6(b)"). These circumstances include "the danger of prejudice to the other side, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (citation and footnote omitted).

### b. Equitable Tolling

Equitable tolling is a rare remedy that "allow[s] for exceptions to the strict enforcement of deadlines" and "restore[s] a claimant's right to review even though she otherwise would be time-barred." Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226 (4th Cir. 2005). "[E]quitable tolling must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. (internal quotation marks omitted). "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

The Fourth Circuit has recognized the doctrine of equitable tolling but has applied it only sparingly. Courts in this circuit generally apply equitable tolling in the following narrow situations: (1) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," Gayle, 401 F.3d at 226 (internal quotation marks omitted); (2) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the limitations period," id. (internal quotation marks omitted); or (3) "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time," Harris, 209 F.3d at 330.

### III.   DISCUSSION

Collins and Clark request a one-day retroactive extension under Rule 6(b) to allow their cases, as filed on September 4, 2020, to continue in their respective jurisdictions without dismissal. Because Collins and Clark waited until after the

expiration of the court's deadline to request an extension of the same, the matter is governed by the "excusable neglect" standard of Rule 6(b)(1)(B).

Rule 6(b) reads in relevant part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(2). Accordingly, in order to defend the propriety of their late filing, Collins and Clark must (1) file a motion seeking leave to retroactively extend the deadline to file their individual actions and (2) show "excusable neglect" for having failed to timely file individual actions. Collins and Clark have done both.

Collins and Clark explain that the delay in filing was "[d]ue to an inadvertent calculation in the deadline [] to file their individual complaints." ECF No. 179 at 1. Specifically, Collins and Clark explain that "the deadline was inadvertently calendared as one month from August 4, 2020 when the Order was entered resulting in a deadline of September 4, 2020 instead of thirty (30) days from the date of the Order." Id. at 2. The court must take into account all relevant circumstances to determine whether this error constitutes excusable neglect. See Pioneer Inv. Servs. Co., 507 U.S. at 395. As noted above, a delay due to inadvertence, mistake, or carelessness may constitute excusable neglect if "the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." LoSacco, 71 F.3d at 93 (citing Pioneer Inv. Servs. Co., 507 U.S. at 395).[2]

---

[2] TBC argues that Collins and Clark's excuse for missing the deadline "does not satisfy Rule 16(b)'s 'good cause' standard." ECF No. 180. The court is perplexed by TBC's arguments regarding Rule 16(b) in the context of this motion brought under Rule 6(b). The court cannot deduce whether TBC mistakenly believed Collins and Clark brought their motion under Rule 16(b) or if TBC is arguing that Rule 16(b)'s "good

5

Upon consideration of the relevant circumstances, the court exercises its discretion to grant the extension in this instance. The delay of only one day was certainly not long. See Harman v. Unisys Corp., 356 F. App'x 638, 640 (4th Cir. 2009) (holding that the district court did not abuse its discretion when it allowed a party to file a motion response one day out of time, citing Rule 6(b)); Stanley v. United States of Am., 2016 WL 631995, at *3 (D.S.C. Feb. 17, 2016) (finding a three-day delay in filing weighed in favor of finding excusable neglect). TBC does not argue that Collins and Clark or their counsel acted in bad faith in missing the deadline, and the court does not see any indication of bad faith in this instance. TBC likewise does not argue that it has or will suffer any prejudice due to the one-day delay. Collins and Clark submit that the proposed extension will not affect any other deadlines because, given the early stage of litigation, no scheduling orders or other deadlines have been set. ECF No. 179 at 2. Considering the underlying collective action has been ongoing for over six years, it is clear to the court that TBC is not unduly prejudiced by the one-day delay. See Stanley, 2016 WL 631995, at *3 ("To find prejudice, courts typically require more than the fact that the defendant will face an additional lawsuit.") (internal citation omitted). Without deciding whether counsel's justification for their error has merit, the court finds that the relevant

---

cause" standard applies to Rule 6. The court recognizes that Rule 6(b) provides that "the court may, for good cause, extend the time" of a deadline in a court order. Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). However, courts in this district have repeatedly found that, under Rule 6(b)(1)(B), a court may grant a retroactive extension when there is excusable neglect due to inadvertence, mistake, or carelessness if "the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." See Hilton Groups, PLC v. Branch Banking & Tr. Co. of SC, 2007 WL 2022183, at *2–3 (D.S.C. July 11, 2007); Hughes v. Saul, 2020 WL 467832, at *2 (D.S.C. Jan. 29, 2020); Peter B. v. Buscemi, 2017 WL 4457775, at *3 (D.S.C. July 28, 2017), aff'd sub nom. Jimmy Chip E v. Sanford, 728 F. App'x 205 (4th Cir. 2018). Having found this standard met here, the court is not compelled to apply a separate "good cause" analysis.

circumstances weigh in favor of permitting the extension. Counsel for Collins and Clark accept responsibility for the error due to their miscalculation of the deadline as one month, instead of thirty days, after the date of the court's order. Such an error was strictly within counsel's control and usually would not constitute excusable neglect. However, excusable neglect is an "elastic concept," and the Supreme Court directed courts to consider all relevant circumstances in making an equitable determination. Pioneer Inv. Servs. Co., 507 U.S. at 395. In this instance, because of the circumstances explained above and this circuit's strong preference for resolving issues on the merits, rather than on procedural technicalities, the court exercises its judicial discretion to grant Collins and Clark the opportunity to adjudicate their claims on the merits. See In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995); Hughes v. Saul, 2020 WL 467832, at *2 (D.S.C. Jan. 29, 2020).

Because the court grants the motion under Rule 6(b), the court declines to consider Collins and Clark's alternative request for equitable tolling.

## IV.   CONCLUSION

For the foregoing reasons the court **GRANTS** the motion for retroactive extension of time to file complaint(s).

**AND IT IS SO ORDERED.**

                                                        _____
                                                        DAVID C. NORTON
                                                        UNITED STATES DISTRICT JUDGE

**October 2, 2020
Charleston, South Carolina**